THE UPJOHN COMPANY *vs.* STATE TAX COMMISSION.

Suffolk.     March 3, 1964. — April 7, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Taxation,* Corporate excise. *Notice. Words,* "Shall."

Failure of the Commissioner of Corporations and Taxation to give a foreign corporation the notice required by G. L. c. 63, § 44, barred him, in recomputing the corporation's excise for 1955 under § 39, from using under § 38, cl. 2 (c), an allocating fraction not including certain sums in its denominator and resulting in taxable net income in an amount greater than that disclosed by the corporation's return [282–283]; and equally barred him from using the same allocating fraction in his determination under § 30, cl. 4, of the taxable item consisting of the value of the corporate excess employed within the Commonwealth. [283–284]

APPEAL from a decision by the Appellate Tax Board.

*Andrew H. Cox* (*Anne P. Jones* with him) for the taxpayer.

*Herbert E. Tucker, Jr.,* Assistant Attorney General, for the State Tax Commission.

WILKINS, C.J.     This is an appeal from the refusal of the State Tax Commission to abate a foreign corporation excise tax assessed under G. L. c. 63, § 39, as amended, for the calendar year 1955. The facts were agreed.

The appellant, incorporated under the laws of Delaware in 1958, became the successor by statutory merger to a Michigan corporation of the same name upon which the tax was assessed. On July 10, 1956, the appellant's predecessor, which was engaged in the manufacture and sale of pharmaceuticals and chemicals, filed with the Commissioner of Corporations and Taxation its foreign business or manufacturing corporation excise return for the taxable year ending December 31, 1955. A final payment was made with the filing of the return, which was within the period allowed by the Commissioner by virtue of the fact that the Internal Revenue Service had granted an extension to June 15, 1956, for filing the Federal income tax return for 1955.

On December 31, 1958, acting under G. L. c. 63, § 44, as amended, the Commissioner assessed a tax of $56,225.56, of which $43,505.23 had been paid, leaving, with interest, a balance of $12,720.33. The Commissioner did not notify the appellant or its predecessor, prior to the assessment, of his intention to determine the income to be in excess of that shown by the return. The difference between the amount computed by the taxpayer and that computed by the Commissioner depended upon whether the amount of "gross receipts from all its business," within the meaning of G. L. c. 63, § 38, cl. 2 (c), included sums from the sale or maturity of United States government securities and from the sale of real estate and equipment located outside the Commonwealth. These sums were not included by the Commissioner in the denominator of the allocating fraction.

1. The procedure for assessment of the tax by the Commissioner is set forth in G. L. c. 63, § 44, which, as amended through St. 1955, c. 549, § 1, and as in effect during the taxable year, contained the sentence: "He shall not determine the income of any such corporation, which has filed a return within the time prescribed by law, to be in excess of the income shown by such return, without notifying the corporation and giving it an opportunity to explain the apparent incorrectness of the return."

The Appellate Tax Board in its opinion took the position that the failure to give the notice in no way injuriously af-

fected the rights of the taxpayer and that the provision for notice in § 44 was directory and not a condition precedent to the validity of the assessment of the tax. The board in its opinion and the tax commission in its brief have cited cases relating to other statutes where the word "shall" was held to be directory and not mandatory. As none of them is in point, we omit their citations. Section 44 does not provide that the Commissioner shall give notice and then assess the tax, but contains a definite prohibition against increasing taxable income without notice. It would not be reasonable to construe this prohibition as a permission to do the very act prohibited.

The one case most nearly in point, *Tyson* v. *Commissioner of Corps. & Taxn.* 1 B. T. A. 482, 487, decided in 1932, is not cited in the opinion of the Appellate Tax Board nor in the tax commission's brief. That case involved a tax under G. L. c. 62, but § 35 thereof contained a prohibition against the Commissioner making a determination that the income was in excess of that disclosed by the return without notifying the taxpayer and giving him an opportunity to explain the apparent incorrectness of his return. It was held that the provision was a condition precedent to the making of a valid assessment. Reliance was placed, and with sound reason we think, upon an opinion of the Attorney General given in 1922. 6 Op. Atty. Gen. p. 616.

The opinion below not only misconstrues the statute but errs in asserting that the taxpayer's rights were not injuriously affected. The right to contest a tax before payment is an important one.

It may be noted that where the Legislature intended that the failure to receive the notice of a tax required by G. L. c. 63, § 48, as amended, should not affect the validity of the tax, there was an express provision to that effect.

2. The foregoing disposes of one of the two items composing the excise tax for 1955, namely the item based upon an amount equal to a percentage of its net income determined to be taxable under c. 63. But G. L. c. 63, § 39, then in effect (as amended through St. 1936, c. 362, § 6) also pro-

vided, as applied to the taxpayer, for a second item, a tax "upon the value of its corporate excess employed by it within the commonwealth." The amount of corporate excess so employed was computed in accordance with G. L. c. 63, § 30, cl. 4, as amended through St. 1947, c. 622, § 2. Reference to the Commissioner's recomputation of this part of the excise shows that in so doing the value of intangible assets allocable to Massachusetts was determined by use of the same allocating fraction or ratio as was used to determine the net income attributable to Massachusetts under G. L. c. 63, § 38, cl. 2. See St. 1960, c. 548, § 3, which was declarative of prior administrative regulations; *Allied Bldg. Credits, Inc.* v. *State Tax Commn.* 344 Mass. 503, 504. In part, this was affected by the change in total gross receipts already mentioned. We have held in the earlier part of this opinion that the use of this same allocating fraction was, as applied to that part of the excise based on income, invalid for failure to give notice. We are of opinion that it would be incongruous to hold that any change in the corporate excess items based upon an attempted revision of the income allocable to the Commonwealth was not equally barred by the failure to give notice.

3. The decision of the Appellate Tax Board is reversed. The abatement is to be granted with costs to the taxpayer.

*So ordered.*